EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN ORTA PERDOMO, acusado y apelante.

No. 4007.—*Sometido:* Junio 5, 1930. *Resuelto:* Agosto 2, 1930.

*Celestino Iriarte Jr.,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Formulada acusación por el fiscal del distrito contra Juan Orta Perdomo por asesinato en segundo grado y celebrado el juicio, el jurado rindió un veredicto de culpabilidad y la corte dictó sentencia condenando a Orta a veinte años de presidio con trabajos forzados.

No conforme, apeló, señalando la comisión de cuatro errores. El primero se formula así:

"La corte cometió error al instruir al jurado de la siguiente manera:

" 'Para reducir el delito de asesinato al grado de homicidio debe mediar una provocación suficiente para producir una pasión irresistible en una persona de ordinario dominio sobre sí misma. Quiere decir, que para que se pueda reducir el delito de asesinato al grado de homicidio, debe mediar una provocación suficiente para producir una pasión irresistible en una persona de ordinario dominio sobre sí misma, esto es, que la persona que comete el delito debe cometerlo mediante una provocación que le haga perder su dominio personal, si esa provocación no existe, entonces no es homicidio, entonces es asesinato. La provocación debe ser notable, y si no existe notable provocación se presume la malicia. Y el arrebato de cólera en sí debe ser coetáneo con el hecho ocurrido.' "

No hay duda alguna que la instrucción impugnada no es un modelo y pudo ser más clara, pero examinada detenidamente en relación con las otras trasmitidas, hay que concluir que no es errónea, ni pudo perjudicar al acusado.

"Asesinato es dar muerte ilegal a un ser humano, con malicia y premeditación," dice el artículo 199 del Código Penal; "with malice aforethought," expresa el texto inglés. Y "homicidio es dar muerte ilegal a un ser humano sin que medie malicia. Es de dos clases: 1, voluntario: cuando ocurre con ocasión de una súbita pendencia o arrebato de cólera, . . ." reza el artículo 203 del propio Código Penal.

El apelante sostiene que la ley no exige para el homicidio del artículo 203 que medie provocación alguna, bastando la falta de malicia.

Sin embargo, si nos fijamos en que el artículo 200 del Código establece que la malicia,—que según el 559 del propio cuerpo legal, "denota la comisión de un acto dañoso intencionalmente, sin justa causa o excusa, la esciente infracción de la ley, en perjuicio de otro,"—es de dos clases, a saber: expresa, cuando se manifiesta el propósito deliberado de quitar la vida, y tácita, *cuando no resulta notable provocación,* veremos, que la ausencia de malicia que la ley requiere para calificar el hecho de la muerte ilegal de un ser humano de acuerdo con el artículo 203 y no con el 199, se funda en la falta de un propósito deliberado de quitar la vida al semejante, o en la falta de notable provocación. La pendencia súbita surgida y el arrebato de cólera producido, deben serlo a virtud de la provocación del contrario. Parece conveniente para aclarar más el concepto, transcribir los siguientes párrafos del alegato del fiscal:

"De modo, que no es como dice el acusado-apelante en sus frases que anteriormente hemos copiado, 'que basta con que ocurra con ocasión de una súbita pendencia o arrebato de cólera,' sino que es necesario que dicha súbita pendencia o arrebato de cólera se hayan producido por una notable provocación, puesto que si no ha existido esa notable provocación, aun cuando haya habido una súbita pendencia o arrebato de cólera, el delito es un asesinato y no un homicidio, ya que al no haber existido una notable provocación ha existido la malicia a pesar de que haya habido una súbita pendencia o arrebato de cólera.

"En otras palabras, la súbita pendencia o arrebato de cólera ha tenido que producirse por una notable provocación que exasperara la pasión y soliviantare el espíritu, para que la muerte ilegal, llevada a cabo bajo tales condiciones de ánimo, sea un homicidio y no un asesinato. No es una simple disputa entre dos personas ni el arrebato de cólera de una persona surgido en ella injustificadamente y sin motivo lo que reduce el acto de una muerte ilegal de la condición de asesinato a la de homicidio, porque en estas condiciones la muerte ilegal sería un asesinato a pesar de haber existido una simple disputa o el injustificado arrebato de cólera.

"O expresado de otro modo. Nuestra ley (véanse artículos 199, 200 y 201 Cód. Pen.), entiende que toda muerte ilegal puede produ-

cirse de dos maneras, con malicia o sin malicia. Que la producida con malicia puede producirse con malicia expresa o malicia tácita. Las producidas con malicia expresa pueden producirse de tres maneras: primera, llevando a cabo la muerte de una manera alevosa, deliberada y premeditada; segunda, llevando a cabo la muerte por medio de veneno, acecho o tortura; y tercera, llevando a cabo la muerte al perpetrarse o intentarse algún incendio de morada, rapto, robo, asalto o mutilación.

"Se lleva a cabo con malicia tácita cuando no resulta notable provocación o las circunstancias demuestran un corazón pervertido y maligno. Cuando se lleva a cabo con malicia expresa en las tres formas ya indicadas, el asesinato es de primer grado; cuando se lleva a cabo con malicia tácita, el asesinato es de segundo grado."

En el caso de *El Pueblo* v. *Morales (a) Yare-Yare,* 11 D.P.R. 306, la Corte de Distrito de Mayagüez instruyó al jurado en la forma siguiente:

". . . La premeditación tácita se manifiesta cuando no existe provocación de parte de la víctima o no es notable, es decir, suficiente para determinar una agresión; si no ha existido, pues, un motivo que constituya una provocación, la cual a la vez es causa determinante de la agresión y por tanto de la muerte, la premeditación es tácita. . ."

Esta instrucción se alegó que era errónea y este tribunal con respecto a la cuestión se expresó así:

"La explicación dada por el Juez al Jurado sobre el concepto de la premeditación tácita se ajusta a la definición que de ella da el artículo 200 del Código Penal, el cual estatuye que aquélla existe 'cuando no resulta notable provocación, o las circunstancias que concurren a la muerte, demuestran un corazón pervertido y maligno.' La provocación deja de ser notable cuando no es suficiente o adecuada para determinar una agresión, y entendiéndolo así el Juez, se ajustó en nuestro sentir a la Ley Penal."

■ No se ha cometido, pues, el primero de los errores señalados. Examinemos el segundo. Se sostiene en él que el análisis de la prueba por parte del juez fué incompleto y apasionado en contra del acusado.

No consta que se solicitara de la corte que completara

sus instrucciones y la síntesis de la prueba que las instrucciones contienen se ajusta a lo que aparece en extenso en la transcripción. No se cometió el error señalado.

En el caso de *El Pueblo* v. *Boria,* 12 D.P.R. 171, dijo este tribunal:

"Si el juez no diere instrucciones al jurado sobre algunos puntos determinados que el acusado estimare esenciales, o si las diere en forma defectuosa o incompleta, el acusado puede solicitar tales instrucciones o su ampliación en la forma que fuere procedente, o puede proponerlas por escrito al tribunal y si fueran rechazadas, podrá discutirse su procedencia en apelación; mas si el acusado aceptase las instrucciones de la corte, no podrá impugnarlas después por deficientes e incompletas.

"La circunstancia de que el juez omitiera la declaración de un testigo al hacer el resumen de la prueba, no es motivo suficiente para anular el veredicto, si tal omisión no fué alegada en tiempo, a fin de que pudiera subsanarse, y especialmente, si el juez instruye al jurado que para llegar a un veredicto, examine toda la prueba practicada, no sólo la que había referido, sino aquélla que involuntariamente hubiera omitido."

■ Tampoco se cometió el tercero de los errores señalados. La instrucción que se impugna o sea "el jurado no tiene derecho a prescindir de la evidencia admitida por la corte, ni tampoco a desechar arbitrariamente la declaración de un testigo," es correcta.

Hemos examinado la instrucción relativa a la legítima defensa que se impugna por el cuarto y último señalamiento y a nuestro juicio es también correcta. No la transcribimos y no discutimos detalladamente la cuestión, porque sería alargar esta opinión innecesariamente, ya que nuestra propia jurisprudencia sobre el particular es abundante y nada nuevo se suscita.

El hecho que dió origen a la acusación y a la condena del acusado, lo explica la testigo Gumersinda Cruz, así:

"Pues él llegó como a las cinco de la tarde a la casa mía, yo me encontraba dentro del cementerio regando unas matas, como costumbre, con la hija mía. Al estar regando las matas llegó con Manolo

Brito y Dámaso Cruz, y entonces se paró frente de la puerta del cementerio con el señor Manolo Brito y Dámaso Cruz y le dijo unas palabras que yo no entendí al señor Gregorio David y entonces el señor Gregorio David me llamó a mí y me dijo que viniera acá y yo vine, y entonces me dijo: "que qué hombres iban allí durante él no estaba allí," porque él había dejado a Juan Laborde allí en lo que él venía de Ponce, que estaba llevándole unos chavos a una chiquita que tenía, y entonces yo le dije que allí habían ido tres hombres de Descalabrado a llevar una cruz, pero como yo no sabía donde era la sepultura, estaba sin poner, entonces el señor Juan Orta me dijo, "Ud. es una cuera incandescente, me dió una bofetada y me tiró al suelo, al tirarme al suelo el marido mío fué a cogerme, al tirarse a cogerme el marido mío, llegó él y sacó un puñal y le dió la primera herida en la espalda, al darle la primera herida en la espalda, el señor Gregorio David se sintió herido, se bajó así, yo no ví si cogió o no cogió, y cuando se enderezó, el señor Juan Orta brincó a un lado y le dijo: "tira si te atreves," y le disparó un tiro y lo cogió aquí, cuando él se cayó revolcándose yo seguida fuí a cogerlo y yo seguida marché dentro de la casa para ponerle un vendaje, en eso llegó el señor Orta y me cogió y me dió dos veces contra el suelo, contra la pared."

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Texidor no intervino.